# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF INDIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| RONNIE BEEBOUT, | ) |
| Plaintiff, | ) |
| vs. | ) No.: |
| NORFOLK SOUTHERN CORPORATION a foreign corporation, | ) Trial by Jury Demanded |
| Defendant. | ) |

## COMPLAINT

NOW COMES the Plaintiff, RONNIE BEEBOUT, by and through his attorneys, Terrence M. Rubino and Daniel J. Zlatic, and for his Complaint against Defendant, NORFOLK SOUTHERN CORPORATION, ("NORFOLK SOUTHERN") and states as follows:

## PARTIES

1. Plaintiff, RONNIE BEEBOUT, (hereinafter referred to as BEEBOUT) is and was, at all relevant times, a resident of Royal Center, Cass County, Indiana. He is employed by NORFOLK SOUTHERN, as a track worker assigned to maintain railroad track across the northern tier of Indiana. All such track and facilities are owned, operated, and controlled by NORFOLK SOUTHERN, including tracks and rail yards located in Clinton County, Indiana.

2. Defendant, NORFOLK SOUTHERN, is engaged in business as a common carrier by rail in interstate commerce. It is, and was at all times relevant, a corporation duly organized and existing according to law in the State of Virginia, is based in Norfolk, Virginia, with operational Headquarters located in Atlanta, Georgia.

## JURISDICTION AND VENUE

3. Upon information and belief, NORFOLK SOUTHERN, was at all times relevant, owned, operated and controls many miles of track, rail yards and related facilities throughout Indiana but particularly across northern Indiana. The relevant aspects of NORFOLK SOUTHERN's operations in Indiana in which Plaintiff worked consisted of the Lake Division of the Central Region headquartered in Ft. Wayne, Indiana. Many of the acts and events described below occurred in this District.

4. At all times relevant, Defendant, NORFOLK SOUTHERN, was and is subject to the provisions of the Federal Employers Liability Act, 45 U.S.C Sections 56 *et al.* (FELA).

5. This Court has jurisdiction over the Defendants, NORFOLK SOUTHERN, and venue is proper in this Court under 28 U.S.C. Section 1331 since this is a civil action brought pursuant to the Federal Employers' Liability Act, (FELA), 45 U.S.C Section 56, and the non-federal claims are subject to this Court's pendant jurisdiction.

## COUNT I –FELA

6. This action is brought pursuant to Title 45 U.S.C. Sections 51 *et seq.*, the Federal Employers Liability Act (FELA).

7. On and before July 24, 2017, and at all times relevant to this claim, Plaintiff BEEBOUT, was employed by NORFOLK SOUTHERN as a trackman/laborer, and was working in interstate commerce and subject to the provisions of the Federal Employers Liability Act, Title 45 U.S.C., Section 51, *et seq.*

8. That on July 24, 2017, plaintiff BEEBOUT was working as a material truck operator in the Frankfort Yards, located in Frankfort, Indiana. The material truck, No. 310617, was equipped with a crow's nest located on top of the truck platform. To get from the crow's nest to the ground, Plaintiff had to descend from the crow's nest to the truck's upper platform

and then onto the ground. This required negotiating several ladders and sets of hand holds while maintaining a three-point stance. These maneuvers were extremely difficult and complicated because several steps, including the top step, were bent and defective and the handholds were also defective being different in position, length, and diameter. Prior to the events in question, Plaintiff and others had lodged many complaints and requests to have these conditions repaired without response.

9. On July 24, 2020, BEEBOUT was descending from the crow's nest to the ground as described above. As he was transitioning from the upper platform to the ladder steps leading to the ground, he had to hold the upper-right rail with his right hand while moving his left hand from an upper handrail to the lower left handrail, over two feet below. As he did so, Plaintiff's left foot slipped off one of the bent steps while his right foot became lodged between the steps. Falling, Plaintiff lost his left-hand grip but held onto the upper rail with his right hand. He ended up hanging by his right arm as he heard a "pop" in his arm or shoulder. He hit the ground with injuries to his arm and shoulder.

10. Following his injury, Plaintiff provided a required PERSONAL INJURY REPORT to his supervisors which was initially accurately completed. Upon its submission, he was instructed twice to re-write that report in a manner to minimize and mis-state the nature and severity of his injury. As a result, Plaintiff's medical treatment was delayed, and he was assigned to continue working despite his injury and aggravating it.

11. Plaintiff, at all times, performed his work in the only way possible and in a safe, efficient and correct manner, free of negligence of any kind.

12. Plaintiff BEEBOUT's injuries were and are due in whole or in part to NORFOLK SOUTHERN's negligence, specifically:

a. NORFOLK SOUTHERN negligently and carelessly failed to provide Plaintiff with a reasonably safe place to work;

b. Prior to July 24, 2017, NORFOLK SOUTHERN OWNED, OPERATED AND MAINTAINED material truck No. 310617, and knew that its equipment was defective and in need of maintenance and/or repair, and despite its knowledge NORFOLK SOUTHERN negligently and carelessly failed to properly maintain and/or repair material truck No. 310617 and failed to keep it in a safe condition as requested on many occasions;

d. Instead, despite its defective, unsafe and dangerous condition, NORFOLK SOUTHERN purposely assigned Plaintiff to work with material truck N. 310617, failed to warn, and make accommodations to prevent Plaintiff's injuries;

d. NORFOLK SOUTHERN negligently and carelessly failed to provide adequate and proper tools and/or equipment to safely perform the work assigned;

e. NORFOLK SOUTHERN negligently and carelessly failed to provide adequate manpower to safely perform the work assigned;

f. NORFOLK SOUTHERN negligently and carelessly failed to properly supervise and train its supervisory personnel;

g. NORFOLK SOUTHERN, through its supervisors, negligently failed to recognize the serious nature of the injury described by Plaintiff and to the contrary intentionally instructed Plaintiff to re-write his PERSONAL INJURY REPORT in such a manner as to minimize the nature and severity of his injury;

    h.    Despite knowledge of the potential nature and severity of his injuries, as stated above, NORFOLK SOUTHERN negligently prevented Plaintiff from seeking and receiving timely and appropriate medical treatment, and instead negligently assigned Plaintiff to work in manner which aggravated his injuries;

    i.    NORFOLK SOUTHERN was otherwise careless and negligent in ways to be determined and later disclosed.

13.    As a direct and proximate result of NORFOLK SOUTHERN's negligence as set forth above, Plaintiff, BEEBOUT:

    a.    has suffered serious bodily injuries in the past which are likely to remain permanent into the future;

    b.    has in the past lost wages;

    c.    has suffered a reduction in his work life;

    d.    will in the future suffer a loss or diminution of earning capacity and/or loss of wages;

    e.    has in the past and will in the future suffer a loss of fringe benefits in an amount BEEBOUT is unable to accurately determine at this time;

    f.    has in the past, and will in the future be forced to undergo extensive and expensive medical treatment and care;

    g.    and has in the past and will in the future suffer emotional and physical pain and suffering, disability, and loss of enjoyment of normal life.

14.    By reasons of the facts stated above, BEEBOUT has suffered damages in an amount to be proved at trial.

## JURY DEMAND

15. Plaintiff requests a trial by jury.

WHEREFORE, Plaintiff asks this Court to enter judgment in his favor and against the Defendant, NORFOLK SOUTHERN, in such amount sufficient to fully compensate Plaintiff, BEEBOUT, for damages and injuries to be proven at trial, in excess of $100,000.00, plus the costs and fees associated with this action.

/s/ Terrence M. Rubino
TERRENCE M. RUBINO (Atty. #6220-64)
Rubino, Ruman, Crosmer, & Polen LLC
275 Joliet Street, Suite 330
Dyer, N 46311
219/322-8222
trubino@rubinoruman.com
Attorneys for Plaintiff